### GEORGE TOMLINSON & SON CO. INC. *vs.* JOHN F. LENNON.

JULY 9, 1924.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

VINCENT, J. This is an action in assumpsit brought to recover the sum of $408, being the difference between the contract price and the resale price of two carloads of flour claimed to have been sold by the plaintiff to the defendant and which the defendant refused to accept on the ground that there was no contract between the parties.

The case was tried in the Superior Court before a justice thereof sitting with a jury. At the close of the testimony on behalf of the plaintiff each of the parties to the suit moved for the direction of a verdict. The court refused to direct a verdict for the defendant and directed the jury to return a verdict for the plaintiff for the amount claimed with interest.

The plaintiff is engaged in milling and selling flour. The defendant has been in the flour business for many years, and from time to time has dealt with the plaintiff, purchasing from that company flour in carload lots.

The transactions between these parties, in so far as they relate to the matters now in dispute, began with a telegram from the plaintiff to the defendant dated October 30, 1920, which was received by the latter, at his home, about six-forty o'clock in the afternoon of the same day.

This telegram was in code, the translation, which is not questioned, being in these words:

"Offer 2 cars straight $10.20 bulk, Boston usual terms. First half November shipment. Answer by telegraph immediately."

It appears from the testimony that "usual terms" means 15% commission; that the terms "bulk Boston" and "bulk New England" are synonomous and that "Answer by telegraph immediately" means an answer before the close of the next market day.

The plaintiff's telegram above set forth, making an offer of the two carloads of flour, was sent on Saturday, October 30, 1920, and received by the defendant the same day but

after business hours. The following day was Sunday. Monday, November 1, was a regular business day. The following day November 2, 1920, was election day and a legal holiday.

On November 3, 1920 at 10.14 a. m. the defendant telegraphed the plaintiff in code as follows: "Book the two cars $10.20 bulk New England less 15 . . . ." This telegram, by its terms, must be considered as an acceptance of the offer embodied in the telegram of the plaintiff of October 30, 1920.

Upon the receipt of this telegram of the defendant, the plaintiff booked the order for the flour.

This telegram of the defendant was his first communication to the plaintiff, following the offer contained in the telegram of the latter. By its terms the telegram of the defendant obviously refers to the telegram of the plaintiff. The plaintiff offers "two cars" and the defendant says "book *the* two cars." When the flour was booked, upon the receipt of the defendant's telegram the contract was closed. In this connection it should be noted that the telegram of the defendant contains no reference to any further communication, either by telegram or letter, touching the subject of this order.

The defendant, however, on the same day, November 3, 1920, wrote two letters to the plaintiff. In one of them he said: "I wired you book *the* two cars $10.20, bulk New England, less fifteen . . . which I confirm."

The other letter contained the following "480 bbls. New York State $10.20 per bbl. less 15c per bbl. discount, arrival draft, delivered Boston rate points—60 days shipment—This order confirms order by wire this date."

The first of these letters is in confirmation of the defendant's telegram upon which the flour had already been booked. The purpose of the other letter is not altogether clear. Whether or not it was designed to aid the defendant in claiming that his telegram of November 3, 1920 was a new order, we need not undertake to determine as we do

not think that these letters are of any importance, the order having been booked already and the contract closed upon receipt of the defendant's telegram.

The defendant, claims (1) That the terms of the original offer were not complied with by him and (2) That the minds of the parties never met on the terms of the defendant's telegram of November 3, 1920 assuming that it was a new offer on his part.

To state the situation in another way, the plaintiff contends that the telegram sent by the defendant on November 3, 1920 was an acceptance of its offer, while the defendant takes the position that such telegram was a new offer, on his part, not accepted by the plaintiff.

The defendant seems to place much reliance upon the fact that the plaintiff's telegram of October 30 ending with the words "answer by telegraph immediately", which meant before the close of the next market day, and that his telegram of November 3 not having been sent before the close of the next market day, but on the day following the next market day, and argues that his telegram should not be considered as an acceptance of the offer of the plaintiff of October 30, but constituted an original proposal on his part. The failure of the defendant to telegraph before the close of the next market day would doubtless have justified the plaintiff in refusing to book the two cars of flour but the plaintiff could if it saw fit, waive the delay on the part of the defendant, which it evidently did, by booking the flour, thus completing the contract. We do not think that the defendant can take advantage of his own delay and thus avoid his contract, something which he is apparently endeavoring to do.

The defendant's exceptions are overruled and the case is remitted to the Superior Court with direction to enter judgment for the plaintiff on the verdict as directed.

*Edward C. Stiness, Daniel H. Morrissey, Francis J. O'Brien*, for plaintiff.

*Alfred G. Chaffee, Alexander L. Churchill, Wilson, Churchill & Curtis*, for defendant.